IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KARA HINDERLIE,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, NA, a national association; RECONTRUST COMPANY, NA, a national association; U.S. BANK, NA, as fiduciary trustee for the holders of the MLMI Trust, Mortgage Asset-Backed Certificates, Series 2006-HE2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NATIONSTAR MORTGAGE, LLC, a foreign company,<br><br>    Defendants. | No. 3:12-cv-01839-PA<br><br>**ORDER** |

**PANNER, J.**

Plaintiff brings this action for wrongful foreclosure, violations of the Unlawful Trade Practices Act, declaratory relief, breach of contract, violations of the Fair Debt Collection Practices Act (FDCPA) and Oregon Unlawful Debt

1 - ORDER

Collection Practices Act (OUDCPA), and quiet title. Defendants Bank of America (BOA), Mortgage Electronic Registration Systems, Inc. (MERS), ReconTrust Company, and U.S. Bank filed a motion to dismiss [#28] for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Defendant Nationstar filed a separate motion to dismiss [#34]. For the reasons set forth below, Defendants' motions are GRANTED in part and DENIED in part.

## Background

In 2005, Plaintiff obtained a loan of $179,600 to refinance real property. To secure the loan, Plaintiff executed a note and deed of trust which authorized non-judicial foreclosure in the event of default. At some point Plaintiff defaulted on her obligations and ReconTrust executed a notice of default and election to sell. During the period leading up to the foreclosure, Plaintiff and BOA unsuccessfully attempted loan modifications. The property was sold to U.S. Bank at a non-judicial foreclosure sale in August 2012. Shortly thereafter, Plaintiff brought this action in the Multnomah County Circuit Court. The case was removed to this Court in October 2012.

## Standard

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the

plaintiff and its allegations are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Baca</u>, 652 F.3d 1202, 1216, <u>reh'g en banc denied</u>, 659 F.3d 850 (9th Cir. 2011).

## Discussion

Defendants move to dismiss Plaintiff's complaint in its entirety. With the exception of Plaintiff's claims under the FDCPA and OUDCPA, discussed below, I conclude that Plaintiff has pled sufficient facts to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In particular, I note that there are apparent factual issues regarding the accounting of payments on Plaintiff's mortgage. While I decline to disturb my previous ruling in <u>Mikityuk v. Northwest Trustee Serv. Inc.</u>, 3:12-cv-1518, 2013 WL 3388536 (D. Or. June 26, 2013), I believe these factual issues justify further discovery in this case.

**I. Plaintiff's Fair Debt Collection Practices Act claim.**

Plaintiff's seventh claim alleges that Defendants violated 15 U.S.C. § 1692 by taking or threatening to take action to dispossess Plaintiff of her property when there was no present right to possession and by using false or misleading representations or means in collecting a debt.

Courts in this District have held that "the activity of

3 - ORDER

foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); see also Lampshire v. Bank of America, NA, 6:12-cv-1574-AA, 2013 WL 1750479, at *3 (D. Or. Apr. 20, 2013).

In this case, Plaintiff bases her FDCPA claim on allegations of misconduct in the foreclosure of her property. As foreclosures are not debt collections within the meaning of the FDCPA, I conclude that Plaintiff cannot invoke the protections of that act.

## II. Plaintiff's Oregon Unlawful Debt Collection Practices Act claim.

Plaintiff's sixth claim alleges that Defendants violated ORS 646.639 by 1) initiating a non-judicial foreclosure sale when they knew or should have known that such a sale was precluded by the Oregon Trust Deed Act; 2) by misrepresenting material information to Plaintiff or by providing her with conflicting information; and 3) by misleading Plaintiff about the possibility of a modification or workout. Defendants move to dismiss Plaintiffs' sixth claim on the basis that foreclosures are not debt collections within the meaning of the OUDCPA.

In the foreclosure context, courts in this District have interpreted the OUDCPA concurrently with the FDCPA. Lampshire, 2013 WL 1750479, at *3; Hulse, 195 F. Supp. 2d at 1206. In such cases, they have held that "foreclosing on a trust deed is not the collection of a debt under the OUDCPA." Hulse, 195 F. Supp. 2d at 1206. "As with the FDCPA, foreclosing on a trust deed is not the enforcement of an obligation because it is not an attempt

4 - ORDER

to force the debtors to pay the money owed." Id. Rather, such actions are "akin to debt servicing rather than debt collection on behalf of another, and [a foreclosing entity] cannot be considered a 'debt collector' based on such actions." Lampshire, 2013 WL 1750479 *3.

In this case, Plaintiff haw asserted that the foreclosure of her property was unlawful based on Defendants' alleged violation of the OUDCPA. As in Lampshire, foreclosure of a trust deed cannot be considered an action to collect a debt and Plaintiff therefore cannot invoke the protections of the OUDCPA.

### Conclusion

Defendants' motions to dismiss [#28, #34] are GRANTED in part and DENIED in part. Defendants' motion to dismiss Plaintiffs' OUDCPA claim is GRANTED. Defendants' motion to dismiss Plaintiffs' FDCPA claim is GRANTED. Defendants' motion to dismiss all other claims is DENIED.

IT IS SO ORDERED.

DATED this __9__ day of January, 2014.

_____
Owen M. Panner
United States District Judge

5 - ORDER